JOSHUA E. BRAUNSTEIN
Email: braunsteinj@sec.gov
DANIEL J. MAHER
Email: maherd@sec.gov
JESSICA L. MATELIS
Email: matelisj@sec.gov
SCOTT W. FRIESTAD
Email: friestads@sec.gov
JEFFREY B. FINNELL
Email: finnellj@sec.gov
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC  20549
Telephone:  (202) 551-1000

LOCAL COUNSEL:
GARY Y. LEUNG (Cal. Bar. No. 302928)
Email: leungg@sec.gov
U.S. Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Telephone:  (323) 965-3213
Facsimile:   (213) 443-1904
Attorneys for Plaintiff
U.S. Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT M. MUNAKASH, CARLOS A. RODRIGUEZ, MARC WINTERS, <br><br> Defendants. | Case No.: 2:16-cv-00833 <br><br> FINAL JUDGMENT AS TO DEFENDANT CARLOS A. RODRIGUEZ |

The Securities and Exchange Commission having filed a Complaint and Defendant Carlos A. Rodriguez ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant Rodriguez and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall disgorge his trading profits, plus prejudgment interest in the amount of $20,899.33 and pay a civil penalty under Section 21A of the Exchange Act, 15 U.S.C. § 78u-1 in the amount of $42,575.69.  Defendant shall make this payment pursuant to the payment plan terms set forth in paragraph III below.  These payments shall be delivered or mailed to Enterprise Services Center, Accounts Receivable Branch, HQ Bldg., Room 181, AMZ-341, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169.  Payments by check or money order must be accompanied by a cover letter identifying Carlos A. Rodriguez as the Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## III.

Defendant shall pay the total of disgorgement, prejudgment interest, and penalty due of $ 63,475.02 in four installments to the Commission according to the following

schedule: (1) $15,869, within 14 days of entry of this Final Judgment; (2) $15,869 due July 10, 2016; (3) $15,869 due October 10, 2016; and (4) remaining balance due January 10, 2017. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all the undertakings and agreements set forth therein.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the alleged violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: June 6, 2016

_____
UNITED STATES DISTRICT JUDGE